UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHARON ASHLEY,

    Plaintiff,                                          Case No. 17-11821

v.                                                 HON. GEORGE CARAM STEEH

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

ORDER ACCEPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION (DOC. 19)

On August 23, 2018, Magistrate Judge Stephanie Dawkins Davis issued a report and recommendation in this action for social security disability insurance benefits. Magistrate Judge Davis recommends that the court deny Plaintiff's motion for summary judgment, grant the Commissioner's motion for summary judgment, and affirm the Commissioner's decision. Plaintiff, Sharon Ashley, filed an objection to the report and recommendation, to which the Commissioner has responded.

STANDARD OF REVIEW

With respect to reports and recommendations from magistrate judges, this court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which

- 1 -

objection is made." 28 U.S.C. § 636(b)(1)(C). The court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

When reviewing a case under the Social Security Act, the district court may affirm, modify, or reverse the Commissioner's decision, with or without remand. *See* 42 U.S.C. § 405(g). Findings of fact by the Commissioner are conclusive if supported by substantial evidence. *Id.* The court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (citation omitted). "The substantial-evidence standard is met if a 'reasonable mind might accept the relevant evidence as adequate to support a conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citation omitted). "When deciding under 42 U.S.C. § 405(g) whether substantial evidence supports the ALJ's decision, we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

ANALYSIS

Plaintiff's application for social security disability benefits was denied after a hearing before an administrative law judge, which became the final

decision of the Commissioner. The ALJ found that Plaintiff suffers from the following severe impairments: morbid obesity, sleep apnea, degenerative joint disease of the bilateral hips and sacroiliac joints, and asthma, but that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments" in the regulations. Tr. at 32. The ALJ further determined that Plaintiff has the residual functional capacity to perform light work, with some limitations, and that she is capable of performing past relevant work as a sales marketing representative, administrative clerk, and customer service representative. The ALJ found that Plaintiff is not disabled.

Upon review of the record, Magistrate Judge Davis recommends that the court grant the Commissioner's motion for summary judgment, deny Plaintiff's motion for summary judgment, and affirm the decision of the Commissioner. Doc. 19. Plaintiff presents one objection to the report and recommendation. Specifically, Plaintiff contends that the magistrate judge erred in determining that the ALJ properly considered Plaintiff's obesity, particularly with regard to her obesity-related urinary incontinence. Plaintiff argues that the record supports a finding that her incontinence would have a significant impact on her ability to work. As the magistrate judge pointed out, however, and Plaintiff acknowledges, there is no medical opinion in the

record connecting Plaintiff's incontinence to any functional limitations on her ability to work. See Doc. 19 at 23-24; Doc. 20 at 3. Moreover, the evidence upon which Plaintiff relies, such as her own statements and the opinion of Dr. Alsaadi, were not found to be fully credible or consistent with the objective evidence in the record by the ALJ. The court finds no error in the magistrate judge's assessment that the ALJ's failure to discuss Plaintiff's incontinence was harmless and that the ALJ's decision was supported by substantial evidence.

## CONCLUSION

The court agrees with the magistrate judge's thorough and well-reasoned analysis. Accordingly, IT IS HEREBY ORDERED that Magistrate Judge Davis's report and recommendation (Doc. 19) is ACCEPTED and ADOPTED as the order of the court.

IT IS FURTHER ORDERED that Defendant's motion for summary judgment (Doc. 17) is GRANTED, Plaintiff's motion for summary judgment (Doc. 16) is DENIED, Plaintiff's objection (Doc. 20) is OVERRULED, and the final decision of the Commissioner is AFFIRMED.

Dated: September 25, 2018

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 25, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk